ity, as husband, for the debt of his wife, and the property acquired by him in right of the marriage.

It was decided in Mitchinson v. Hewson, 7 Term R. 348, and in the case of Rann v. Hughes, there cited, that the promise can only be coextensive with the consideration. During the coverture, the husband was bound to pay, whether he received property with his wife, or not; and his promise made during the coverture, did not increase his obligation, or create a new contract, unless it were made upon a new consideration, other than his previous obligation as husband, and his acquisition of the property of his wife, in right of the marriage. See Heard v. Stamford, 3 P. Wms. 411.

The court is, therefore, of opinion that the plaintiff cannot recover in this action, and that judgment of nonsuit must be entered.

CALLAN (MAGEE v.). See Case No. 8,942.

## Case No. 2,320.

### CALLENDER'S TRIAL.

[The case reported under above title in Whart. St. Tr. 688, is the same as Case No. 14,709.]

## Case No. 2,321.

### CALLENDER et al. v. UNITED STATES.

[Hempst. 334.][1]

District Court, D. Arkansas. Sept. 8, 1846.

JURISDICTION—CONFIRMATION OF LAND GRANT.

Petition to confirm a grant lying mostly in another state dismissed, for want of jurisdiction.

Petition [by Ann M. Callender and others] to confirm a Spanish grant under the act of 1824 (4 Stat. 52).

S. Janin and S. L. Johnson, for petitioners.

S. H. Hempstead, Dist. Atty., for the United States.

JOHNSON, District Judge, held, that as this petition was to confirm the grant to the Baron de Bastrop, lying principally, as it appeared from the record, in the state of Louisiana, the court there was the proper tribunal to entertain jurisdiction over the claim, and that this court should not do so; and that the objection to the jurisdiction of this court urged by the district attorney was well taken, and that the petition ought to be dismissed. Petition dismissed.

NOTE [from original report]. History of the Claim. The petitioners claimed under the Baron de Bastrop, to whom it was represented that the Baron de Carondelet, on the 20th June, 1797, had granted twelve leagues square, or more than a million of arpens of land, and situated, according to the figurative plan of Don Carlos Trudeau, royal surveyor, in the port of

Ouchita, eighty leagues above the mouth of that river, adjoining on the part of the southwest the eastern shore of the river and bayous Ouchita, Bartholomew, and Siard, and giving a further description. The grant is principally situated in Louisiana, the smaller portion being situated in Chicot county, Arkansas, on the bayou Bartholomew. The history of the claim, will be found in full in the case of U. S. v. Philadelphia & New Orleans, 11 How. [52 U. S.] 610, in the supreme court, on appeal from the district court of Louisiana, which was argued by Mr. Crittenden, attorney-general, for appellants, and Mr. Strawbridge, Mr. Soulé, and Mr. Sergeant, for the appellees. The supreme court, by Judges Taney, Catron, Daniel, Nelson, and Woodbury, decided the claim to be invalid, and rejected the same; Judges McLean, Wayne, McKinley, and Grier, dissenting. Ann M. Callender et al. brought their petition in the district court of Louisiana for the confirmation of the de Bastrop grant, which was declared invalid by the supreme court. 11 How. [52 U. S.] 662.